UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: SUBPOENAS TO PLAINS ALL
AMERICAN PIPELINE, L.P., ET AL.

No. 4:13-mc-02976

IN RE: CRUDE OIL COMMODITY FUTURES
LITIGATION, No. 1:11-cv-03600-WHP
(S.D.N.Y.)

**CLASS PLAINTIFFS' MOTION TO
RECONSIDER ORDER QUASHING SUBPOENAS**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the named plaintiffs in the putative class action styled *In re: Crude Oil Commodity Futures Litigation*, No. 1:11-cv-3600-WHP (S.D.N.Y), respectfully request that Court reconsider and vacate the Order Quashing Subpoenas entered on December 23, 2013. Plaintiffs further request that the Court immediately treat the Motion to Quash filed by Non-Parties Plains All American Pipeline, L.P., Thomas Coiner, Keith Jalbert, John vonBerg, and Hugo Zagaria (collectively, "Plains") as submitted under Local Rule 7.3 and, for the reasons explained below, deny the motion.[1]

## BACKGROUND

Plaintiffs brought this action against Defendants Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose, and James T. Dyer to recover damages suffered due to Defendants' manipulation and monopolization of the physical and futures markets for West Texas Intermediate grade ("WTI") crude oil, in violation of the Commodities Exchange Act and section 2 of the Sherman Act. *See* Consol. Am. Class Action Compl., *In re: Crude Oil Commodity Futures Litig.*, No. 1:11-cv-3600-WHP (S.D.N.Y. May 29, 2012), ECF

---

[1] The CFTC filed a similar motion in the miscellaneous action governing Plains' motion to quash the CFTC's subpoenas. *See* Mot. Reconsider, *In re: Subpoenas to Plains All American Pipeline*, No. 4:13-mc-02975 (S.D. Tex. Jan. 3, 2014), ECF No. 5. Because the subpoenas and the motions to quash are substantively identical, Plaintiffs incorporate the arguments made by the CFTC, to the extent not already included herein.

1

No. 66, Ex. A. Plaintiffs' suit came on the heels of an enforcement action brought against Defendants by the CFTC, which alleges the same conduct on which Plaintiffs' case is based. *See CFTC v. Parnon Energy Inc.*, No. 1:11-cv-3542-WHP (S.D.N.Y. filed May 24, 2011).

Prior to bringing its enforcement action against Defendants, the CFTC conducted broad administrative investigations of the crude oil markets in the United States. During those investigations, the CFTC obtained documents from several non-parties, including Plains, both voluntarily and through administrative subpoenas. The CFTC also obtained investigative testimony from participants in the crude oil markets, including Messrs. vonBerg and Zagaria, during its investigations.

After the CFTC brought suit, Defendants issued discovery requests to the CFTC seeking production of the documents the CFTC had obtained during its investigations. In responding to these requests, the CFTC produced some of the documents it had obtained from non-parties, including Plains, during its investigations, and designated them as Highly Confidential under the Stipulated Protective Order entered in that case.[2]

Plaintiffs then issued discovery to Defendants in the class action, seeking production of all documents that the CFTC produced to Defendants in the enforcement action. In order to avoid seriatim challenges from non-parties regarding further production of their documents, the Honorable William H. Pauley III of the United States District Court for the Southern District of New York, before whom the class and CFTC actions are pending, established a schedule and

---

[2] In its response to the CFTC's motion for reconsideration, Plains claims that it provided information to the CFTC during the investigation "with the understanding that it would not be disclosed to the public." (Mot. Quash 2.) Plains fails to mention, however, that the Honorable William H. Pauley III of the United States District Court for the Southern District of New York, before whom the class action and the CFTC enforcement action is pending, already found that Plains' "understanding" lacks any basis. Specifically, Judge Pauley held that the regulations governing FOIA confidentiality do "not govern the CFTC's disclosure obligations in this litigation" and that, in fact, "the CFTC's subpoenas and information requests to the non-party objectors specifically noted that any documents produced to the agency could be used for 'routine tasks' such as '[p]roviding information in response to a subpoena issued in a proceeding to which the Commission is not a party.'" Mem. Op. & Order at 7–8, *In re: Crude Oil Commodity Futures Litig.*, No. 1:11-cv-3600-WHP (S.D.N.Y. Oct. 25, 2013), Ex. B.

procedure to allow any non-parties whose documents had already been produced to Defendants to assert objections to production of those documents to Plaintiffs. *See* Order, *In re: Crude Oil Commodity Futures Litig.*, No. 1:11-cv-3600-WHP, ECF No. 96, Ex. G. Pursuant to that schedule, Plains and other non-parties submitted briefs explaining their objections, and argued those objections to Judge Pauley during a lengthy July 1, 2013 hearing. Those objections closely track the arguments Plains now asserts in its motion to quash: that Plains' information is not relevant to this case, and is composed of trade secrets or other confidential information. *See* Objections of Non-Party Plains All American Pipeline, LP at 5–7, *In re: Crude Oil Commodity Futures Litig.*, No. 1:11-cv-3600 (WHP) (S.D.N.Y. June 21, 2013), ECF No. 118, Ex. C.[3] Plains also already raised these arguments in a previous motion to quash filed in this District, in which Plains sought to quash two deposition subpoenas served by Defendants. *See* Motion to Quash Subpoenas, *In re Subpoenas Served on John Vonberg and Hugo Zagaria*, No. 4:13-mc-02393 (S.D. Tex. Oct. 14, 2013), ECF No. 1.

On October 25, 2013, Judge Pauley ruled on the non-parties' objections and rejected their contention that their documents were irrelevant and not discoverable. *See* Mem. Op. & Order, *In re: Crude Oil Commodity Futures Litig.*, No. 1:11-cv-3543 (WHP), ECF No. 163, Ex. B. In order to address the non-parties' concerns regarding confidentiality, Judge Pauley simply required the parties to submit a modified protective order that added further protections for information used or disclosed during depositions. *Id.* Shortly thereafter, Judge Lake denied as moot Plains' motion to quash Defendants' deposition subpoenas, holding that the issue had been

---

[3] In its response to the CFTC's motion to reconsider, Plains argues that the issues presented to Judge Pauley and the Second Circuit "are not the same issues presented to this Court." Resp. Mot. Reconsider at 7, *In re: Subpoenas to Plains All American Pipeline, L.P.*, No. 4:13-mc-2975 (S.D. Tex. Jan. 8, 2014), ECF No. 6. Judge Lake, however, obviously disagreed, as he specifically found that Plains' earlier motion to quash—which involved deposition subpoenas served on two of the witnesses whose testimony is at issue here—was "resolved by the Memorandum Opinion and Order entered by [Judge Pauley]." Order, *In re Subpoenas Served on John VonBerg and Hugo Zagaria*, No. 4:13-mc-2393 (S.D. Tex. Nov. 12, 2013), ECF No. 11.

resolved by Judge Pauley's order. *See* Order, *In re Subpoenas*, No. 4:13-mc-02393 (S.D. Tex. Nov. 12, 2013), ECF No. 11. Undeterred, the non-parties appealed to the Second Circuit and asked Judge Pauley to stay his order pending the outcome of the appeal. Judge Pauley denied the motion for a stay. *See* Mem. Op. & Order, *In re: Crude Oil Commodity Futures Litig.*, No. 1:11-cv-3600-WHP (S.D.N.Y. Nov. 8, 2013), ECF No. 177, Ex. D. The non-parties then sought a stay from the Second Circuit, but the Second Circuit likewise denied Plains' request for a stay pending appeal.[4] *See* Order, *Ardizzone v. Castleton Commodities Int'l*, Nos. 13-4263(L), 13-4447(CON) (2d Cir. Dec. 10, 2013), ECF No. 123, Ex. E. In short, no fewer than three courts have denied Plains' attempt to thwart discovery into the matters at issue here.

In December 2013, Plaintiffs and the CFTC issued identical deposition subpoenas to Plains and four of its employees. On December 20, 2013, despite the rulings by Judge Pauley, the Second Circuit, and Judge Lake, Plains again filed motions to quash those subpoenas. Under Local Rule 7.3, Plaintiffs had until January 10, 2014, to respond, and the motion to quash did not include a request for expedited briefing. Nevertheless, on December 23, 2013, without notice and well before Plaintiffs' deadline to respond, the Honorable Lynn N. Hughes entered an order quashing Plaintiffs' subpoenas. (Order Quashing Subpoenas, ECF No. 2.)

## ARGUMENT & AUTHORITIES

Plaintiffs respectfully request that the Court reconsider and vacate the Order Quashing Subpoenas and enter a new order denying the motion to quash. Plaintiffs further request that the Court do so on an expedited basis. Should the Court allow the depositions to go forward, they

---

[4] Although the Second Circuit initially entered a temporary stay to allow the parties to brief the non-parties' motion for stay pending appeal, the court vacated the temporary stay when it denied the non-parties' motion. *See* Order, *Ardizzone v. Castleton Commodities Int'l*, Nos. 13-4263(L), 13-4447(CON) (2d Cir. Dec. 10., 2013), ECF No. 123, Ex. E. Plains submitted its appellant's brief on December 23, and pursuant to the Second Circuit's local rules, both the CFTC and Plaintiffs have requested 90 days to submit response briefs. In other words, because the Second Circuit denied Plains' motion for stay and expedited consideration, discovery will be closed in the class and CFTC actions before Plains' appeal is even fully briefed.

would begin on January 16, 2014. For that reason, Plaintiffs respectfully request that the Court immediately vacate the Order Quashing Subpoenas, treat the motion to quash as submitted, and render a decision as soon as conveniently possible.

**A. The Order Quashing Subpoenas should be vacated as premature.**

A motion to reconsider an order granting a motion to quash is "properly considered under Federal Rule of Civil Procedure 59(e), which allows for '[a] motion to alter or amend a judgment [that is] filed no later than 28 days after the entry of the judgment.'" *In re O'Hare*, MISC. H-11-0539, 2012 WL 1377891, at *1 (S.D. Tex. Apr. 19, 2012) (Rosenthal, J.). Such a motion will be granted when necessary to correct manifest errors of law. *Id.* at 1–2. Here, such an error was made when the Order Quashing Subpoenas was entered without notice and before Plaintiffs had an opportunity to respond. It is well settled in the Fifth Circuit that it is an abuse of discretion for a district court to grant a motion to quash before the non-movant's time to respond has expired. *Texas Keystone, Inc. v. Prime Natural Res., Inc.*, 694 F.3d 548, 555 (5th Cir. 2012); *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 881 (5th Cir. 1989). Therefore, it was a manifest error of law to quash the subpoenas before Plaintiffs could file a response to Plains' motion, and the Order Quashing Subpoenas should be reconsidered and vacated.

**B. Plains' motion to quash should be denied.**

In their motion to quash, Plains raises four equally baseless reasons for quashing Plaintiffs' deposition subpoenas: (1) that the subpoenas would subject Plains and its employees to undue burden; (2) that the 30(b)(6) subpoena requires disclosure of information protected by the Interstate Commerce Act; (3) that the subpoenas require disclosure of unretained experts'

5

3012889v1/012638

opinion; and (4) that the subpoenas require disclosure of confidential commercial information and trade secrets. Each of these arguments fails.

### 1. The subpoenas are not unduly burdensome.

When seeking to quash a subpoena on grounds of undue burden, the moving party "has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (internal quotation marks and citations omitted). To determine whether the subpoena presents an undue burden, courts in the Fifth Circuit consider a number of factors, including (a) the relevance of the information requested; (b) the need of the party for the information; and (c) the burden imposed by the subpoena.[5] *Id.* Plains has not met its burden on any of these factors.

**First**, there is no question that the information Plaintiffs seek from Plains is relevant. Plains' contention that it "had no relevant dealings with the Defendants during the period in question" and has "no first-hand knowledge of the Defendants' alleged misconduct" misses the point. As Judge Pauley held in overruling Plains' objections, "the perceptions and reactions of 'innocent' third-party traders are highly probative of whether [a certain market phenomenon indicating manipulation] occurred and how it impacted the market." Mem. Op. & Order at 6, *In re: Crude Oil Commodity Futures Litig.*, 1:11-cv-3543 (WHP), Ex. B. So, regardless of whether Plains has "first-hand" knowledge of Defendants' manipulative scheme, their perceptions and reactions to the market around the time of Defendants' misconduct are "highly probative." And, as the CFTC made clear in its motion for reconsideration, traders for Plain discussed their perceptions of, and reactions to, Defendants' actions during the relevant period in instant

---

[5] In listing the relevant factors, the Fifth Circuit has also included "the breadth of the document request," "the time period covered by the request," and "the particularity with which the party describes the requested documents." *Wiwa*, 392 F.3d at 818. As Plains notes in their motion to quash, however, factors such as these are not applicable to a motion to quash a deposition subpoena. (Mot. Quash 11 n.13.)

messages, emails, and audio recordings. Plaintiffs (and the CFTC) seek to depose Plains to explore those reactions and perceptions, and to authenticate those documents.[6]

**Second**, for the same reasons, Plains has failed to demonstrate that Plaintiffs have an inadequate need for the information it seeks from Plains. The deposition subpoenas seek information about Plains' pipeline nominations process that is not publicly available. Likewise, as the CFTC has pointed out, only Plains can authenticate and knowledgably discuss the instant messages, emails, and audio recordings in which they participated. Neither the CFTC nor Plaintiffs has any other source from which to seek such testimony. Therefore, Plaintiffs have demonstrated a compelling need for the information sought through the subpoenas.

**Third**, Plains has failed to demonstrate that whatever burdens the subpoenas impose outweigh Plaintiffs' demonstrated and compelling need for these depositions. Plains contends that compliance with the subpoenas would impose an "extraordinary undue burden" because Plains has allegedly received twenty subpoenas from the parties to the two relevant lawsuits. To be clear, Plaintiffs have served on Plains only the four deposition subpoenas at issue here and one document subpoena. The CFTC has issued identical subpoenas, which will impose hardly any additional burden because the CFTC and Plaintiffs will take the Plains depositions concurrently. Moreover, that Plains responded to administrative subpoenas from the CFTC years ago in the course of the CFTC's investigation of the crude oil markets is irrelevant to determining the burden in this case. The fact is, Plains possesses information that, in Judge Pauley's words, is "highly pertinent to Plaintiffs' case," and Plains has failed to identify any burden sufficient to outweigh Plaintiffs' need for that information.

---

[6] Moreover, information from the non-parties, Judge Pauley held, "is also pertinent to [Defendants'] statute of limitations defense, which is certain to heavily litigated." Mem. Op. & Order at 7, *In re: Crude Oil Commodity Futures Litig.*, 1:11-cv-3543 (WHP), Ex. B.

### 2. Compliance with the 30(b)(6) subpoena will not violate the ICA.

Plains' argument that compliance with the subpoenas will require it to violate the Interstate Commerce Act deserves short shrift. As Plains admits, the ICA prohibition on disclosure does not apply when "the giving of such information [is] in response to any legal process issued under the authority of any State or Federal court." 49 U.S.C. app. § 15(13). Courts in the Fifth Circuit have held that the language in the ICA permits disclosure pursuant to civil discovery in federal court. *See Delta S. S. Lines, Inc. v. Nat'l Mar. Union of Am., AFL-CIO*, 265 F. Supp. 654, 656 (E.D. La. 1967) (interpreting identical provisions in the Shipping Act of 1916 and holding that the exception for legal process permitted plaintiff to produce otherwise restricted information via document production and deposition). There is simply no reasonable argument that subpoenas issued under the authority of the Southern District of New York do not qualify as "legal process" issued under the authority of a federal court. *See id.*; *accord Jackson v. Brinker*, 147 F.R.D. 189, 197-98 (S.D. Ind. 1993) (Rule 45 subpoena has sufficient status as "order of court" to satisfy state statute requiring court order before disclosure of certain records); *Smith v. Pefanis*, 652 F. Supp. 2d 1308, 1338-39 (N.D. Ga. 2009) (subpoena issued on behalf of court "should be treated as court order"); *Calabro v. Stone*, 224 F.R.D. 532, 533 (E.D.N.Y. 2004) ("Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served."); *see also* Black's Law Dictionary 1467 (9th Ed. 2009) (defining "subpoena" as writ or order).

### 3. The subpoenas do not require disclosure of unretained experts' opinions.

Plains next argues that the deposition subpoenas should be quashed because they would require testimony amounting to unretained experts' opinions. That is simply not the case. To be sure, Rule 45 permits courts to quash or modify a subpoena that "requires disclosure of an

unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party." Fed. R. Civ. P. 45(d)(3)(B)(ii). But Plaintiffs do not seek expert testimony from Plains. To the contrary, Plaintiffs seek testimony about Plains deliverable supply, and perceptions and reactions to the market during Defendants' manipulative scheme. Plaintiffs also seek testimony necessary to explain and authenticate documents already in their possession. *See United States v. Ferguson*, 676 F.3d 260, 294 (2d Cir. 2011) (holding that cooperating witnesses' testimony about meaning of terms used by defendants was admissible because it explained meaning of "jargon" based on witnesses' industry experience). Discovery of such factual information is perfectly permissible. *See, e.g.*, *In re Pub. Offering PLE Antitrust Litig.*, 233 F.R.D. 70, 77 (D. Mass. 2006) (discovery of factual information does not compromise "intellectual property" of a witness).

### 4. The existing protective order is more than adequate.

Plains' final argument—that the 30(b)(6) subpoena should be quashed because it requires disclosure of confidential information and trade secrets—is simply another regurgitation of an argument that has already been rejected by other courts. As Judge Pauley already ruled,

> While this Court is sensitive to the fact that even "stale" business information can be valuable in the hands of competitors, the non-party objectors fail to articulate a "defined, specific and serious injury" that warrants excluding their business information from limited review as contemplated by the protective orders, strictly for litigation purposes. Instead, the non-parties speculate as to the parties' impermissible use of their information for competitive purposes, despite the fact that such use would be a clear violation of the protective orders currently in place.

Mem. Op. & Order 6, *In re Crude Oil Commodity Futures Litig.*, No. 1:11-cv-3600-WHP, Ex. B (citation omitted).

Although Plains repetitively asserts that it is not a party to any protective order with Plaintiffs, Defendants, or the CFTC, that is entirely beside the point because Plaintiffs, Defendants, and the CFTC *are* subject to a very stringent protective order that prohibits them not

only from using any of Plains' commercially sensitive information for any purpose other than the litigation, but also severely limits disclosure of such information to counsel and one employee of each party, who is required to declare compliance with the protective order before receiving such information. *See* Modified Stipulated Protective Order, *In re: Crude Oil Commodity Futures Litig.*, No. 1:11-cv-3600-WHP (S.D.N.Y. Nov. 8, 2013), ECF No. 178, Ex. F. Rather than attempt to demonstrate how this protective order is inadequate, Plains simply repeats legal platitudes that Judge Pauley has already rightly rejected. Plains has not and cannot demonstrate that the protective order is insufficient to protect against disclosure or improper use of the information sought through the subpoenas.

## CONCLUSION

The Order Quashing Subpoenas was entered four days after Plains filed its motion to quash, and well before Plaintiffs' deadline to respond. For that reason it should be vacated. Moreover, like the three other courts before it, this Court should deny Plains' attempt to stall discovery into the highly relevant information that Plaintiffs seek from Plains.

Dated: January 13, 2014  Respectfully submitted,

/s/ Warren T. Burns

Stephen D. Susman
ssusman@susmangodfrey.com
**SUSMAN GODFREY L.LP**
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Warren T. Burns
wburns@susmangodfrey.com
Terrell W. Oxford
toxford@susmangodfrey.com
Daniel H. Charest
dcharest@susmangodfrey.com
David D. Shank (*admission pending*)
dshank@susmangodfrey.com
**SUSMAN GODFREY LLP**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Fax: (214) 754-1933

Christopher Lovell (CL-2595)
Christopher M. McGrath (CM-4983)
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, New York 10006
Telephone:  (212) 608-1900
Facsimile:  (212) 719-4775

*Interim Co-Lead Counsel for Class Plaintiffs*

3012889v1/012638

**CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.3 of the United States District Court for the Southern District of Texas, I hereby certify that a copy of the foregoing will be served on James D. Thomson III, counsel for Plains, on this 13th day of January 2014, via the Court's Electronic Case Filing System.

                                          /s/ David D. Shank
                                          David D. Shank

3012889v1/012638

## CERTIFICATE OF CONFERENCE

  Pursuant to Local Rule 7.1(D) of the United States District Court for the Southern District of Texas, I hereby certify that I, on behalf of Plaintiffs, have conferred with counsel for Plains, and counsel cannot agree about the disposition of the foregoing motion.

                /s/ David D. Shank
                David D. Shank